Filed 8/14/26  Build Solutions v. HLW International CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| BUILD SOLUTIONS, | B338415 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 23STCV25323 |
| HLW INTERNATIONAL LLP, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher K. Lui, Judge.  Affirmed.

Tamborelli Law Group and John V. Tamborelli for Plaintiff and Appellant.

Collins + Collins, Christian E. Bredeson and Shanna E. Burkholder for Defendant and Respondent.

————————————

## MEMORANDUM OPINION

Appellant Build Solutions contends the trial court erred in denying leave to amend when it sustained demurrers to its First Amended Complaint against HLW International LLP.  We find this matter appropriate for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, section 8.1.  (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions].)

When a demurrer is sustained without leave to amend, the reviewing court "decide[s] whether there is a reasonable possibility the plaintiff could cure the defect with an amendment.  [Citation.]  If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred.  [Citation.]  The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)  The plaintiff must " 'show in what manner [they] can amend [their] complaint and how that amendment will change the legal effect of [their] pleading.' " (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 110 (*Paterno*).)  " 'The assertion of an abstract right to amend does not satisfy this burden.  [Citation.]  The plaintiff must clearly and specifically set forth the "applicable substantive law" [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it.  Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. . . . Where the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion

2

when it sustained the demurrer without leave to amend.' " (*Rosen v. St. Joseph Hospital of Orange County* (2011) 193 Cal.App.4th 453, 458.)

On appeal, counsel's task is not "merely to 'simply change the trial points and authorities into an appellate format,' " and an appellate brief should not "rehash" the arguments made below. (*In re Marriage of Shaban* (2001) 88 Cal.App.4th 398, 410.) "The appellate practitioner who takes trial level points and authorities and, without reconsideration or additional research, merely shovels them in to an appellate brief, is producing a substandard product." (*Ibid*.) It is important for "attorneys who use material from trial memoranda to take care in adapting the material to the altered focus of appellate review. Points that are irrelevant to the appeal should be omitted. Subsequent pertinent legal authorities should be addressed. Arguments should be tailored according to the applicable standard of appellate review." (*Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1387–1388, fn. omitted.)

Appellant has failed to present argument tailored to the standard of review that articulates specific ways it can amend the complaint and how those amendments would change the legal effect of the pleading. Instead, appellant recycles its trial court materials, copying page after page from the record below and then appending conclusory assertions that the trial court erred. Approximately 17 pages of the 27-page opening brief consist of material quoted from the trial court record. Appellant's Introduction block-quotes multiple pages from its opposition to the demurrer, followed by a verbatim presentation of all but one paragraph of its oral argument at the demurrer hearing. Then, in its Argument section, appellant states, "As outlined above in

3

the Introduction and without repeating them herein again, all the additional facts that were provided to the court in the opposition to the Demurrer and during oral argument" warranted granting leave to amend. This cursory presentation fails to demonstrate how appellant can amend its complaint and how that amendment would change the legal effect of its pleading. (See *Paterno, supra*, 74 Cal.App.4th at p. 110.)

Next, appellant sets forth general principles of law relating to leave to amend, states it may show how the complaint can be amended for the first time on appeal, notes a similar rule applies to amendments disregarded under the sham pleading doctrine, and then announces, "Appellant satisfied all these requirements at the trial court level on the record." This conclusory statement is followed not by argument but by a citation to multiple pages of appellant's written opposition to the demurrers and to nearly all of its oral argument at the demurrer hearing. This is tantamount to incorporating trial court documents by reference, which is impermissible. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 294, fn. 20.) We disregard arguments not included in the opening brief. (*Cox v. Bonni* (2018) 30 Cal.App.5th 287, 307, fn. 6.)

Appellant's final argument consists of the following statement, "Also Appellant addressed how the First Amended Complaint was properly plead in the opposition. Aside from what the court found it was argued:" followed by nearly five pages copied directly from its opposition to the demurrers in the trial court. This cut-and-paste job provides no context, no explanation, and no argument tailored to the standard of review on appeal, nor does appellant explain how arguments that the claims were properly pled are relevant to the correctness of denying leave to

4

amend them. Appellant "apparently assum[es] this court will construct a theory supportive" of its position, but that "is not our role." (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) "One cannot simply say the court erred, and leave it up to the appellate court to figure out why." (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Appellant has not carried its burden.

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


VIRAMONTES, J.        SCHERB, J.


5